IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BANKRUPTCY NO. 14-10164-TPA |
| KEITH A. PIERCE and | ) | |
| BARBARA A. PIERCE | ) | |
| | ) | |
| Debtors, | ) | CHAPTER 11 |
| _____ | ) | |
| | ) | |
| PNC BANK, NATIONAL ASSOCIATION, | ) | ADVERSARY CASE NO. 14-1065-TPA |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Document No. _____ |
| KEITH A. PIERCE and | ) | |
| BARBARA A. PIERCE | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT
BY AND AMONG PNC BANK, NATIONAL ASSOCIATION
AND THE DEBTORS, KEITH A. PIERCE AND BARBARA A. PIERCE PURSUANT
TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

PNC Bank, National Association ("PNC Bank") files this Motion For Entry Of An Order Approving Settlement By and Among PNC Bank and Keith A. Pierce and Barbara A. Pierce (the "Debtors") Pursuant to Rule 9019 of the Federal Rules Of Bankruptcy Procedure on the terms set forth in the Stipulation for Settlement of Adversary Proceeding and for Plan Treatment Among the Debtors and PNC Bank (the "Settlement") attached hereto as Exhibit "A" and incorporated herein by reference.

**BACKGROUND**

**A.    Debtor's Obligations to PNC Bank**

1.    The Debtors are obligated to PNC Bank, National Association ("PNC Bank") pursuant to the following Direct Installment Notes and Home Equity Lines of Credit (the "**Notes**") executed and delivered to PNC Bank whereby the Debtors agreed to pay PNC Bank principal and interest thereon as follows:

|          | **Note Date**  | **Principal** | **Collateral**              |
|----------|---------------|---------------|-----------------------------|
| Note # 1 | April 3, 2003 | $53,000.00    | 1350 W. 10th St., Erie, PA  |
| Note # 2 | April 3, 2003 | $86,000.00    | 1748 Clifford Dr., Erie, PA |
| Note # 3 | April 3, 2003 | $9,000.00     | 1748 Clifford Dr., Erie, PA |
| Note # 4 | April 3, 2003 | $61,000.00    | 1352 W. 10th St., Erie, PA  |
| Note # 5 | April 3, 2003 | $25,000.00    | 1312 W. 9th Street, Erie, PA |
| Note # 6 | April 3, 2003 | $35,000.00    | 1312 W. 9th Street, Erie, PA |

2. The obligations evidenced by Note # 1 are secured by a Mortgage ("Mortgage # 1") executed and delivered by Debtors to PNC Bank, granting PNC Bank a lien on the real property known as 1350 West 10th Street, Erie, Pennsylvania 16502 ("10th Street"). Mortgage # 1 was recorded by the Erie County Pennsylvania Recorder of Deeds on May 1, 2003 at Book 1005 Page 1080.

3. The obligations evidenced by Note # 2 are secured by a Mortgage ("Mortgage # 2") executed and delivered by Debtors to PNC Bank, granting PNC Bank a lien on the real property known as 1748 Clifford Drive, Erie, Pennsylvania 16505 ("Clifford Drive"). Mortgage # 2 was recorded by the Erie County Pennsylvania Recorder of Deeds on April 21, 2003 at Book 1000 Page 1210.

4. The obligations evidenced by Note # 3 are secured by a Mortgage ("Mortgage # 3") executed and delivered by Debtors to PNC Bank, granting PNC Bank a lien on the real property known as 1748 Clifford Drive, Erie, Pennsylvania 16505 ("Clifford Drive"). Mortgage # 3 was recorded by the Erie County Pennsylvania Recorder of Deeds on April 21, 2003 at Book 1000 Page 1202.

5. The obligations evidenced by Note # 4 are secured by a Mortgage ("Mortgage # 4") executed and delivered by Debtors to PNC Bank, granting PNC Bank a lien on the real property known as 1352 West 10th Street, Erie, Pennsylvania 16502 ("10th Street"). Mortgage # 4 was recorded by the Erie County Pennsylvania Recorder of Deeds on April 21, 2003 at Book 1000 Page 1208.

6. The obligations evidenced by Note # 5 are secured by a Mortgage ("Mortgage # 5") executed and delivered by Debtors to PNC Bank, granting PNC Bank a lien on the real property known as 1312 West 9th Street, Erie, Pennsylvania 16502 ("9th Street"). Mortgage # 5 was recorded by the Erie County Pennsylvania Recorder of Deeds on April 21, 2003 at Book 1000 Page 1212.

BANK_FIN:498350-1 000011-165744

7.  The obligations evidenced by Note # 6 are secured by a Mortgage ("Mortgage # 6") executed and delivered by Debtors to PNC Bank, granting PNC Bank a lien on the real property known as 1312 West 9th Street, Erie, Pennsylvania 16502 ("9th Street").  Mortgage # 6 was recorded by the Erie County Pennsylvania Recorder of Deeds on April 21, 2003 at Book 1000 Page 1200.

8.  Each of the parcels of real property including the improvements thereon and any lease interests associated therewith shall be referred to as the "**Collateral**".

9.  The Notes and the Mortgages, together with all other related agreements, documents, notes, instruments and guarantees creating or evidencing indebtedness or granting collateral security, as the same now exist or may hereafter be amended, modified, supplemented, extended, renewed, restated or replaced, being referred to herein collectively as the "**Loan Documents**".

10. As of the Petition Date, the amount due from the Debtors to PNC Bank under the Loan Documents was $167,312.87, and to the extent that PNC Bank is over-secured, it is also entitled to reasonable costs, fees and expenses, including reasonable attorney fees and cots, pursuant to 11 U.S.C. § 506 (collectively the "**Indebtedness**").

**B.    The Adversary**

11. On August 20, 2014, the Debtors filed an adversary complaint for Determination of Secured Status and Objection to Claim (the "Complaint").

12. On October 3, 2014, PNC Bank, National Association ("PNC Bank") filed its answer to the Complaint (the "Answer").

**C.    The Plan**

13. On October 27, 2014, Debtors filed a Disclosure Statement and Plan of Reorganization (the "Plan").

14. Pursuant to the Order of Court dated November 3, 2014, this Honorable Court conditionally approved the Debtors' Disclosure Statement.

15. On December 11, 2014, PNC Bank filed an Objection to the Plan.

## JURISDICTION

16. The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 134.

17. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

18. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

19. The predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## THE SETTLEMENT

20. The principal terms of the Settlement include the following:

    a. The mortgage on 1350 West 10th Street, Erie, PA, shall be modified to $22,615.10, which will be paid over ten years at 5.25% at $242.64 per month.

    b. The first and second mortgages of PNC Bank on the residence on Clifford Drive in the amounts of $40,627.42 and $8,628.98 shall be paid in full over ten years at 5.25% for monthly payments of $435.90 and $92.58.

    c. The mortgage on the premises at 1352 West 10th Street, Erie, PA, shall be modified to have a secured balance of $17,275.21, which will be paid over ten years at 5.25% at $185.35 per month.

    d. The first mortgage on 1312-14 West 9th Street shall be modified to show a secured amount of $32,093.62, which will be paid over ten years at 5.25% at $344.04 per month.

    e. The second mortgage on 1312-14 West 9th Street shall be modified to show a secured amount of $2,000.00, which will be paid over ten years at 5.25% at $21.46 per month.

## RELIEF REQUESTED AND BASIS THEREOF

21. The Debtors and PNC bank respectfully requests that this Honorable Court enter an order approving the Settlement, as summarized above, and as attached hereto as Exhibit "A", pursuant to Bankruptcy Rule 9019.

22. Rule 9019 of the Federal Rules of Bankruptcy Procedure states in pertinent part that:

BANK_FIN:498350-1 000011-165744

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct. Fed. R. Bankr. P. 9019.

23. The Third Circuit Court of Appeals recognizes a general policy in favor of settlements and compromises. See Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996). Thus, a bankruptcy court reviewing a proposed settlement should approve it when it is fair and equitable and in the best interests of the debtor's estate and creditors. See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); In re Marvel Entertainment Grp., Inc., 222 B.R. 243, 249 (D.Del. 1998); In re Louise's Inc., 211 B.R. 798, 801 (D.Del. 1997).

24. In considering whether a proposed settlement is appropriate given the merits of the underlying dispute, a court should approve a settlement unless it "fall[s] below the lowest point in the range of reasonableness." Cosoff v. Rodman (In reW.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (citation omitted); see also American Reserve Corp., 841 F.2d 159, 161 (7th Cir. 1987).

25. Courts within the Third Circuit often consider the following four factors in determining whether a settlement is within the range of reasonableness and fair and equitable:

> a. The probability of success in the litigation;
> b. The difficulties to be encountered in collection;
> c. The complexity of the litigation and the expense and inconvenience, and delay necessarily attending it; and
> d. The paramount interest of the creditors.

See Marvel Entertainment, 222 B.R. at 249; Official Unsecured Creditors' Committee of Pennsylvania Truck Lines, Inv. V. Pennsylvania Truck Lines, Inc. (In re Pennsylvania Truck Lines, Inc.), 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting of Philadelphia, Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987).

26. The Debtors and PNC Bank believe that resolving the issues set forth in the Complaint and Answer are in the best interest of the Debtors, the Debtors' estate, and the Debtors' creditors, and that the terms of the Settlement are fair and reasonable.

27. Accordingly, the Debtors and PNC Bank believe that the Settlement is well within the range of reasonableness. More generally, the Settlement resolves, fully and finally, all disputes between the Debtors and PNC Bank with respect to the Notes.

28. For the foregoing reasons, the Debtors and PNC Bank submit that the Settlement is in the best interests of the Debtors, their estate and their creditors. Accordingly, the Debtors and PNC Bank respectfully request that this Court approve the Settlement.

WHEREFORE, the Debtors and PNC Bank respectfully request that this Honorable Court enter an Order approving the Settlement, and for such further relief as is just and proper.

Respectfully submitted this 23rd of December 2014.

By: */s/ Jillian Nolan Snider*
Jillian Nolan Snider, Esquire
Pa. I.D. No. 202253
jsnider@tuckerlaw.com
Jordan S. Blask, Esq.
Pa. I.D. No. 308511
jblask@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Counsel for PNC Bank,